IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE ROBERT BLAIR,

    Petitioner,

  vs.

LARRY SMALL,

    Respondent.

                         /

No. CIV S-09-1875-GEB-CMK-P

FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 17).

**I. BACKGROUND**

        Petitioner is serving a term of 87 years in prison following convictions on ten counts of second degree armed robbery, one count of assault with a firearm, two counts of unlawful driving and taking of a motor vehicle, and two counts of assault with a semi-automatic firearm. Petitioner admitted three prior convictions. Petitioner's convictions and sentence were affirmed on direct appeal and the California Supreme Court denied direct review. Petitioner

raises three claims in his federal petition as follows:

> Claim 1     "Violation of Due Process (Fair Trial and Equal Protection)"
>
> Petitioner claims that, because he was denied the right to be present at every critical stage in the proceedings, he was unable to exercise a peremptory challenge to the judge assigned to his case.
>
> Claim 2     "Ineffective Assistance of Counsel"
>
> Petitioner asserts that trial counsel let him languish in jail for over three years, failed to file any motion to suppress, failed to obtain DNA testing data, and failed to seek a bifurcated trial.
>
> Claim 3     "Improper Conduct by Trial Judge (Further Showing his Prejudice and Illustrating he was not Impartial)"
>
> Petitioner argues that the trial judge erred in allowing a juror to ask him questions and them himself asking "9 pages worth of questions."

Petitioner admits in his petition that he did not raise Claims 2 or 3 in the state court. Specifically, he states:

> Ineffective assistance of [appellate] counsel. I requested – via mail – this issue be brought up by my appellant [sic] attorney but it was not addressed in my opening brief for whatever reason; Improper conduct by judge "Ditto."

## II. DISCUSSION

Respondent argues that petitioner fails to state a federal claim in Claim 1 and that Claims 2 and 3 are unexhausted.

**A. <u>Claim 1</u>**

Respondent argues that petitioner's first claim is essentially nothing more than a challenge to the denial of his peremptory challenge under California Code of Civil Procedure § 170.6. Respondent concludes that the claim is not cognizable because it does not raise any federal constitutional issue. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp,

768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

The question is whether Claim 1 raises purely an issue of state law (i.e., the § 170.6 issue), or whether there is a federal constitutional aspect to the claim (i.e., petitioner's assertion that he was denied his right to be present at every critical state of the proceedings). The court finds that, notwithstanding petitioner's reference to his right to be present, Claim 1 is nothing more than a challenge to the denial of his § 170.6 motion. In particular, petitioner mentions his right to be present only insofar as it explains why his peremptory challenge motion was denied. In other words, the only "harm" alleged to have stemmed from petitioner's absence at some critical stage is the denial of his § 170.6 motion. Petitioner does not otherwise argue that his absence resulted in any constitutional harm. Because there is no federal constitutional right to the particular procedure for peremptory challenges under § 170.6, petitioner's claim is really nothing more than a claim based purely on state law.

///

///

In his opposition to respondent's motion, petitioner argues that his use of the words "due process" and "equal protection" serve to "federalize the U.S. Constitutional requirements necessary to seek relief in the U.S. District Court." The court does not agree. Petitioner's claim was presented to the state court in the context of a challenge to the procedures employed in his state court case to deny his § 170.6 motion. For a state law claim to rise to the level of a cognizable § 2254 federal habeas claim, the alleged transgression of state law must have infected the entire trial such that there was a complete miscarriage of justice. This did not occur here. Even assuming some error was committed by the trial court with respect to ruling on petitioner's § 170.6 motion, petitioner could have challenged the issue via a state court writ at the time. Thus, any error could have been corrected before the trial proceeded. Petitioner did not, however, file any such writ. Further, petitioner has presented no arguments or evidence relating to any specific bias or prejudice on the part of the trial judge.

**B.     Claims 2 and 3**

Respondent argues that Claims 2 and 3 are unexhausted. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

/ / /

By petitioner's own admission, he failed to raise Claims 2 and 3 in the state court. Further, in his opposition to respondent's motion to dismiss, petitioner adds that these claims are "now currently pending in Sacramento Superior Court." While he appears to assert that the failure to raise the claims earlier was the result of ineffective assistance of appellate counsel, petitioner does not state that such a claim was raised in a state court post-conviction action and no such claim is specifically raised in the instant petition. The court finds that Claims 2 and 3 are unexhausted and must be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 17) be granted;
2. Claim 1 be dismissed, with prejudice, as non-cognizable; and
3. Claims 2 and 3 be dismissed, without prejudice, as unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2010

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE